NICHOLAS FERRAIOLO, PETITIONER-RESPONDENT, v. CHARLES F. VACHRIS, INC., RESPONDENT-PROSECUTOR.

Argued October 3, 1944—Decided February 1, 1945.

Before Justices PARKER and COLIE.

For the prosecutor, *Coult, Satz, Morse & Coult* (*Joseph Coult*, of counsel).

For the respondent, *Archie Elkins*.

The opinion of the court was delivered by

COLIE, J. Nicholas Ferraiolo, respondent on this appeal, was employed by Charles F. Vachris, Inc. On February 16th, 1943, while removing railroad ties from a box car, he fell striking the lower part of his abdomen. Shortly thereafter he urinated a quantity of blood and reported that fact to the attending nurse who offered to send him to the company doctor. He refused the offer but consulted his own physician that evening, to whom he gave a history of the fall which he sustained, followed by passing bloody urine and a complaint of lower abdominal pain. The doctor recommended hospitalization. His diagnosis was "probable traumatic injury of the bladder." On February 19th, which was three days after petitioner sustained the fall, he was examined by Dr. Aria. At that time he was passing bloody urine and was in shock. Dr. Aria called in a specialist in urology who saw petitioner urinating blood and who made a cystoscopic examination which was not altogether satisfactory because oozing blood obscured the vision through the cystoscope. He diagnosed the condition as a badly injured bladder, whether badly bruised or ruptured he could not then say. In answer to a hypothetical question, he gave it as his opinion that the injury was traumatic in origin. On the same day, Dr. Aria operated and found a two-inch rupture on the *anterior* surface of the bladder, which he repaired. Thereafter, the petitioner's recovery was uneventful. A Dr. Visconti examined petitioner about three months after the operation. He gave his opinion that the ruptured bladder was a result of the traumatic injury of February 16th, 1943. Both Dr. Aria and Dr. Visconti estimated the permanent disability at 25% of total disability.

On behalf of respondent, Dr. Joseph Koppel testified that he examined petitioner slightly more than three months after the accident of February 16th, 1943. He intimated that the rupture (which he described as on the *posterior* when in fact it was on the *anterior* surface of the bladder) was due to a gonorrheal infection incurred twenty-two years previously. He estimated the permanent disability as seven and a half to ten per cent. of total disability. There were several dis-

crepancies in the petitioner's testimony which cast some doubt on his credibility, but on the main facts of the case, the petitioner's version was corroborated.

In the Workmen's Compensation Bureau, the petition was dismissed but upon appeal, the Hudson County Court of Common Pleas reversed the judgment of dismissal in the Bureau and made an award of 6 5/7 weeks temporary disability; 25% of total permanent disability; directed the employer to pay the injured employee the following expenses: Garfield Hospital, $280; special nurses, $104; Dr. Michael Aria, $350; Dr. Ralph Abels, $50; abdominal support, $18. Additionally the Common Pleas directed the employer to pay Dr. Michael Aria, $35; Dr. Ralph Abels, $35; Dr. Dominick A. Maturri, $35; the stenographer's attendance fee; $156 to the employee for the transcript of testimony; the employee was directed to pay Dr. Joseph A. Visconti $50 and a $1,500 counsel fee to petitioner's attorney was ordered paid one-half by petitioner and one-half by respondent. Costs on the appeal were awarded against respondent.

From a study of the evidence we find as a fact that respondent, Nicholas Ferraiolo, sustained an accident arising out of and in the course of his employment which resulted in a rupture of the bladder and that the determination and order for judgment entered in the Common Pleas was, in all respects, proper.

The writ is discharged, with costs.